**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2623
_____

UNITED STATES OF AMERICA,


v.

JUAN CARLOS MERCED MORENO, a/k/a Samuel,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-22-cr-00563-001)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 12, 2024

Before:  BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: May 24, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge.*

Juan Carlos Merced Moreno appeals his conviction and sentence for conspiracy with intent to distribute a controlled substance, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846. Moreno's appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because we agree that no nonfrivolous issues exist, we will grant the motion to withdraw and affirm the District Court's judgment. We state for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court that the issues in the appeal lack merit.[1]

## I. BACKGROUND[2]

On December 20, 2022, Moreno pleaded guilty to conspiracy to distribute and possession with intent to distribute a controlled substance, contrary to §§ 841(a)(1) and (b)(1)(B), in violation of § 846.

Moreno pleaded guilty by way of a written plea agreement. In that plea agreement, the Government and Moreno stipulated that they each would seek a sentence between 102- and 132-months imprisonment. As part of the plea, Moreno waived most of his appellate rights. Moreno's plea agreement, however, carved out a few limited exceptions, including a challenge to his conviction or sentence based on ineffective assistance of counsel.

---

[1] We are noting that the issues in the appeal lack merit for this purpose pursuant to a request by the United States, in accordance with Third Circuit L.A.R. 109.2(b) (2011).

[2] We write for the benefit of the parties and recite only essential facts.

The District Court held a plea hearing in accordance with Federal Rule of Criminal Procedure 11 at which Moreno, who speaks Spanish, was provided an interpreter. After a thorough colloquy, the District Court was satisfied that Moreno's plea was knowing, voluntary, and had an adequate factual basis. The Court then accepted Moreno's guilty plea.

Before sentencing, the Probation Office prepared a presentence report (the "PSR"), which concluded that Moreno's range under the Federal Sentencing Guidelines (the "Guidelines") was 360- to 480-months' imprisonment. Neither party objected to the PSR, but both parties sought a downward variance and requested that the District Court sentence Moreno within the range that they stipulated to in the plea agreement. At sentencing, the District Court adopted the Probation Office's findings regarding Moreno's Guidelines range but agreed that a downward variance was warranted; the District Court imposed a sentence of 132-months' imprisonment. Moreno timely filed a notice of appeal. Moreno's counsel filed the instant motion to withdraw from representation and accompanying brief. In response, Moreno filed a *pro se* brief raising one issue.[3]

## II.    DISCUSSION[4]

When, after reviewing the District Court record, "counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw

---

[3] The Government also filed a brief in support of dismissal, which we consider.

[4] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." 3d Cir. L.A.R. 109.2(a). In considering the motion, we must determine: "(1) whether counsel's brief in support of [his] motion fulfills the requirements of L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)).

An *Anders* brief fulfills the requirements of Local Rule 109.2(a) if it shows that counsel "has thoroughly examined the record in search of appealable issues" and "explains why those issues are frivolous." *Id.* (citing *Youla*, 241 F.3d at 300). Here, counsel identifies four issues that could support an appeal and explains why each is frivolous: (1) the District Court's jurisdiction; (2) the validity and voluntariness of Moreno's guilty plea; (3) the validity of the appellate waiver; and (4) the legality of the sentence. Thus, counsel's brief meets our *Anders* requirement.

An independent review of the record also reveals that Moreno's appeal is frivolous. In reviewing the record, we confine our scrutiny to those portions of the record identified by counsel's adequate *Anders* brief and Moreno's *pro se* brief. *Youla*, 241 F.3d at 301. First, as to jurisdiction, any argument would be frivolous because Moreno was charged with a federal crime. *See* 18 U.S.C. § 3231.

Second, as to Moreno's guilty plea, the District Court satisfied the constitutional requirements and Federal Rule of Criminal Procedure 11. The District Court ensured that: Moreno understood the charges against him and his rights; Moreno's plea was voluntary and knowing and was not the product of any threats or coercion; Moreno had

4

the opportunity to speak with his attorney, review all the documents and have all his questions answered; and Moreno understood the proceedings and the terms of the plea agreement, including its appellate waiver provision. Moreover, there was an adequate factual basis for the plea. And the District Court expressly found that Moreno entered the plea knowingly and voluntarily and understood both his rights and the consequences of entering a guilty plea. Only then did the District Court accept his guilty plea.

In Moreno's *pro se* brief, he argues that his guilty plea was not knowing and voluntary because the plea was never explained to him in Spanish. Moreno's contention is contradicted by the record. At the plea hearing, Moreno was provided with a Spanish interpreter and the District Court confirmed that Moreno could understand the proceedings with the interpreter's assistance. Moreno confirmed that his counsel reviewed the plea deal and provided documents to him in Spanish.[5] After the District Court explained the plea at the hearing, Moreno repeatedly confirmed that he understood the plea, the rights he was giving up, the role of the guidelines, the appellate waiver provision, and the District Court's sentencing discretion.[6] Likewise, Moreno confirmed

---

[5] At the plea hearing, Moreno's counsel admitted that he had not reviewed the superseding indictment with Moreno. But the District Court had counsel review the superseding indictment with Moreno with help from the interpreter, and Moreno confirmed that he understood it and that counsel answered all his questions to his satisfaction.

[6] To the extent Moreno raises a claim of ineffectiveness of counsel, we decline to consider it. As Moreno's counsel explains, ineffectiveness claim normally should not be considered on direct appeal. *See United States v. Washington*, 869 F.3d 193, 202–03 (3d Cir. 2017). Moreno can pursue this claim in a habeas petition under 28 U.S.C. § 2255, but we decline to address it here as the record is not adequately developed. *See Massaro*

multiple times that his counsel had answered all his questions to his satisfaction about the guilty plea.  Thus, after our independent review of the record, we agree with counsel that there are no nonfrivolous issues related to Moreno's guilty plea.

Third, we agree that the appellate waiver also presents no nonfrivolous issues. Moreno signed the Rule 11 form attesting that he understood the terms of his plea agreement, including the waiver, and confirmed the same to the District Court.  None of the exceptions to the waiver provisions apply.  Thus, we agree with counsel that there is no nonfrivolous issue related to Moreno's appellate waiver.

Fourth and finally, counsel and Moreno in his *pro se* brief identify Moreno's sentence as a potential issue.  A sentencing court abuses its discretion if the sentence imposed is unreasonable.  *United States v. Cooper*, 437 F.3d 324, 326–28 (3d Cir. 2006). A sentence is procedurally reasonable if the sentencing court accurately calculates the applicable Guidelines range, considers all departure motions, and considers the relevant § 3553(a) factors.  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).  A sentence is substantively reasonable unless the Court determines "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

As Moreno's counsel explains, any procedural challenge to the reasonableness of his sentence would be frivolous.  Moreno was sentenced to 132 months of imprisonment, which was well below his guidelines range of 360 to 480 months.  When sentencing

---

*v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003).

Moreno, the District Court complied with the requirements of Federal Rule of Criminal Procedure 32 and followed the three-step process outlined in *Gunter*, 462 F.3d at 247. The District Court accurately calculated the applicable Guidelines range, heard argument on and, in fact, granted Moreno's request for a below-Guidelines sentence, and meaningfully considered the applicable § 3553(a) factors.  And any argument that "no reasonable sentencing court" would have imposed a below-Guidelines sentence is also frivolous.  Thus, to the extent this issue identifies a challenge to substantive reasonableness, it does not constitute an issue of arguable merit warranting appellate review.

## III.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment.  We also state that the issues presented in the appeal lack legal merit for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court.